Walter F. MILLS, Appellant,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Appellee.

No. 76–1935.

United States Court of Appeals, Fourth Circuit.

Argued March 16, 1977.

Decided Oct. 20, 1977.

---

Robert T. Winston, Norton, Va. (William J. Sturgill, Norton, Va., on brief), for appellant.

Joan E. Kaehne, Asst. Regional Atty., Dept. of Health, Education & Welfare, Philadelphia, Pa. (Paul R. Thomson, Jr., U. S. Atty., Morgan E. Scott, Jr., Asst. U. S. Atty., Roanoke, Va., Stephanie W. Naidoff, Regional Atty., Dept. of Health, Education & Welfare, Philadelphia, Pa., on brief), for appellee.

Before CRAVEN,* Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

In this appeal from a denial of black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901, et seq., we construe the following HEW regulation pertaining to ventilatory studies: ". . . If wheezing is present on austiculation of the chest, studies must be performed following administration of nebulized broncho-dilator unless use of the latter is contraindicated." 20 C.F.R. § 410.430.

Claimant, Walter Mills, filed his application for black lung benefits on March 24, 1971, thus qualifying for consideration under HEW's interim adjudicatory standards of 20 C.F.R. § 410.490. *Talley v. Mathews,* 550 F.2d 911 (4th Cir. 1977). Those interim standards establish a rebuttable presumption of total disability due to pneumoconiosis arising out of coal mine employment if a miner's ventilatory studies establish the presence of a chronic respiratory or pulmonary disease as demonstrated by test values specified in the regulation. See esp. 20 C.F.R. § 410.490(b).

It is undisputed that on two occasions ventilatory studies performed on Mills reported values that qualified for application of the interim presumption, but that on both occasions the results failed to qualify after administration of a broncho-dilator.[1] Since § 410.430 requires that the reported test results must represent the least favorable to the claimant out of at least three attempts,[2] only the post-broncho-dilator ventilatory study results were relied upon in determining whether or not the presumption applied in adjudicating the claim. Mills claims that, since there was no finding by either of the examining doctors that wheezing was present, the use of post-broncho-dilator readings to deprive him of the interim presumption is not authorized.

█ It is true that 20 C.F.R. § 410.430 *requires* use of a broncho-dilator only when the examining physician finds that wheez-

---

* Judge Craven participated in the decision of this case but died before the opinion was prepared.

1. A broncho-dilator is defined as any medicinal substance or agent which brings about a dilation, or widening, of the bronchial tubes of the lungs. *Schmidt's Attorneys' Dictionary of Medicine.* It may also be a mechanical dilator, but that item does not concern us here.

2. 20 C.F.R. § 410.430.

". . . The reported maximum voluntary ventilation (MVV) or maximum breathing capacity (MBC) and 1-second forced expiratory volume (FEV1) should represent the largest of at least three attempts."

ing is present. But nothing in the regulation *restricts* application of a broncho-dilator to such circumstances if, in the opinion of the physician, a broncho-dilator is nonetheless warranted. We must therefore reject Mills' contention that the medical procedures employed violated HEW regulations.

Not before us is any claim that § 410.430 is itself an invalid regulation. Nor is any evidence presented suggesting that use of a broncho-dilator upon a claimant who suffers from black lung disease will distort test results so as to deny that claimant benefits. If such evidence were presented, another look at the regulation might be called for.

We conclude that substantial evidence supports the Secretary's determination that Mills failed to establish entitlement to black lung benefits under either interim or permanent standards, and the judgment of the district court to that effect will be

*AFFIRMED.*